United States District Court
Southern District of Ohio
Western Division

United States of America

        Plaintiff                              Case No. 3:19 CR 179

v                                                  Judge Thomas M. Rose

Davion C. Windston-Stroud

        Defendant

---

Entry and Order Denying Defendant's Motion

for Bond Modification (Doc. 24)

      This matter comes before the Court pursuant to Defendant's Motion for Bond Modification (Doc. 24) pursuant 18 U.S.C. §3145(b), filed April 15, 2020, and the Government's Response (Doc. 25), filed April 22, 2020.

      Defendant is charged by way of Indictment with Knowingly and Intentionally Conspiring to Distribute 40 grams or more of a detectable amount of fentanyl, methamphetamine and cocaine in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B)(vi) all in violation of 21 U.S.C. §846 (Doc. 11). At the time of the alleged offense Defendant was under supervision with the Ohio State Parole Authority.

      Defendant now moves for bond modification from pretrial detention to home detention with GPS monitoring. The main basis for said Motion is that Defendant "is not confident nor comfortable" in the Butler County Jail due to the fact that there was an inmate allegedly two cells from his cell that tested positive for COVID-19.

      As background on November 21, 2019 a Complaint (Doc. 1) was filed against Defendant and on that same day, based upon a finding of probable cause, Magistrate Judge Sharon Ovington issued an arrest warrant. Defendant was arrested and had an initial appearance and detention hearing before Magistrate Judge Ovington on November 21, 2019 and November 26, 2019. As a result, the Magistrate Judge found by clear and convincing evidence that there were no conditions or combination of conditions that would assure the appearance of the Defendant

and/or provide for the safety of the community.  Defendant was detained without bond. On December 3, 2020, a grand jury returned the Indictment (Doc. 11) against Defendant.

Concerning the Defendant's argument,  the Court  must in the first instance make an individual assessment of the factors identified by the Bail Reform Act, 18 U.S.C. §3142: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release.  Based upon those factors that were considered by the Court previously and presently, the Court again finds that there are no conditions or combination of conditions of release that would reasonably assure the appearance of the Defendant and the safety of the community. The Court finds that based upon the seriousness of the charges, Defendant's significant criminal history and his non-compliance with past supervision he would not now comply.

As to the Defendant's argument regarding the COVID-19 pandemic, it can certainly constitute new information having material bearing on whether there are conditions of release that will reasonably assure the safety of the community and the appearance of the detained defendants. The Bail Reform Act explicitly directs courts to consider, among other things, a defendant's medical condition.  Of course, this is particularly relevant information in the current landscape of a global pandemic.

The Court would find based upon the record and attestations before the Court that the Defendant does not have an increased health risk if he were to contract the virus or that he is at an increased risk of being infected with the virus because he is confined in the Butler County Jail. The Court has been apprised that there has been only one positive test in that facility and that individual has been in total quarantine for a significant period of time.  Said facility also has procedures in place to prevent further contracting or spreading of the virus. These procedures include suspension of most visits and the screening of those visitors that are permitted; the screening of all new detainees and inmates; the quarantining of any prisoners that may show COVID-19 symptoms; cleaning measures and steps to educate detainees about measures that can be taken to avoid contracting or spreading the virus. The Butler County Jail appears to be taking those reasonable steps to combat the spread of the virus. Additionally, the U.S. Marshal's office contacts the facility daily and as of the date of this order there have been no other confirmed

cases of the virus. Therefore, this COVID-19 factor alone does not outweigh the other factors considered by the Court. Again, based upon the seriousness of the crimes charged and the other factors of the Bail Reform Act, the Court finds there to be no condition or combination of conditions that would assure the appearance of the Defendant and the safety of the community. The Defendant's Motion (Doc. 24) is not well founded and is, therefore, DENIED.

    IT IS SO ORDERED.

Date: April 23, 2020　　　　　　　　　　　　　　　　***s/Thomas M. Rose**
　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Judge Thomas M. Rose
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court